## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION
## CASE No. 5:20-cv-00027-TBR

AMANDA C. SEEMANN                                                                                    PLAINTIFF

v.

THOMAS C. COPELAND, *et al.*                                                                         DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendants, Thomas Copeland and Dana Jernigan d/b/a New Faith Freight's Motion to Dismiss. [DN 19]. In lieu of a response, Plaintiff, Amanda Seeman ("Seemann") filed a Second Amended Complaint. [DN 20]. Defendants then filed a Motion to Strike Plaintiff's Second Amended Complaint. [DN 26]. Seemann filed a response and in the alternative, a Motion for Leave to File Second Amended Complaint. [DN 27]. Defendants then filed a reply. [DN 28]. As such these matters are ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [DN 19] is **DENIED** as **MOOT**. Defendant's Motion to Strike Plaintiff's Second Amended Complaint [DN 26] is **DENIED**. Seemann's Motion for Leave to File Second Amended Complaint [DN 26] is **GRANTED**.

### I. Background

Seemann filed her first Complaint on February 4, 2020. [DN 1]. Defendants filed a Motion to Dismiss Seemann's claims of negligent hiring, training, entrusting, supervising, retaining, and/or contracting and violation of the Federal Motor Carrier Safety Regulations. [DN 14]. The Court granted that motion and allowed Seemann fourteen days to file an amended complaint. [DN 17]. Seemann filed her First Amended Complaint on November 10, 2020. [DN 18]. Defendants filed the present Motion to Dismiss the same claims. Seemann then filed a Second Amended

Complaint, removing the claims Defendants objected to. [DN 20]. Defendants moved to strike that Complaint.

## II. Legal Standard

### A. Motion to Strike

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A court may strike portions of the pleading acting on its own initiative or "on a motion made by a party . . . before responding to the pleading." *Id.* Courts are given considerable discretion in deciding whether to strike portions of pleadings under 12(f). *See id.*; *see also Delta Consulting Group, Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009); *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992). However, "the action of striking a pleading should be used sparingly by the courts." *Anderson v. United States,* 39 Fed. Appx. 132, 135 (6th Cir. 2002) (quoting *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir. 1953)). It is only to be used "when required for the purposes of justice and the pleading to be stricken has no possible relation to the controversy." *Id.* "The function of the motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with them early in the case." *Operating Eng'rs Local 324 Health Care Plan v. G&W Constr. Co.,* 783 F.3d 1045, 1050 (6th Cir. 2015) (citing *Kennedy v. City of Cleveland,* 797 F.2d 297, 305 (6th Cir. 1986).

## III. Discussion

### A. Motion to Strike

Defendants argue Seemann's Second Amended Complaint should be stricken from the record because Seemann did not seek leave to file her Second Amended Complaint. Seemann

argues Defendants' motion should be denied because the Court granted her motion to file a redacted exhibit attached to her Second Amended Complaint. [DN 25].

Federal Rule of Civil Procedure 15(a)(2) provides:

2. Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

This Court allowed Seemann to file her First Amended Complaint on November 2, 2020 after dismissing the initial Complaint. [DN 17]. Prior to filing her Second Amended Complaint, Seemann did not seek leave from the Court. "Where a pleading is amended without leave of court or consent of opposing parties, it may either be considered a nullity…or taken as properly introduced 'as long as the amendments do not unfairly surprise or prejudice the defendant'". *Mattingly v. Jeff Ruby's Louisville, LLC*, 2019 WL 7407708, at *2 (W.D. Ky. Feb. 6, 2019). The Court finds that the Second Amended Complaint does not unfairly surprise or prejudice Defendants. In Defendants' reply, they consent to allowing Seemann to file her Second Amended Complaint. Therefore, the Court will grant Seemann's motion for leave to file second amended complaint.

**B.  Motion to Dismiss**

Since this Court has allowed Seeman to file her Second Amended Complaint, Defendants' Motion to Dismiss Seeman's First Amended Complaint is moot.

## IV. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendants' Motion to Dismiss [DN 19] is **DENIED** as **MOOT**.

2. Defendants' Motion to Strike [DN 26] is **DENIED**.

3. Seemann's Motion for Leave to File Second Amended Complaint [DN 27] is **GRANTED**.

4. Defendants' shall file and answer to Seemann's Second Amended Complaint no later than fourteen (14) days after entry of this Order.

**IT IS SO ORDERED**.

*Thomas B. Russell* (signature)

Thomas B. Russell, Senior Judge
United States District Court

January 29, 2021

cc: counsel